**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 02-6885**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BERNARD JAMES JONES,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Cameron McGowan Currie, District
Judge.  (CR-96-374, CA-01-2281-4-22)

─────────────

Submitted:  July 25, 2002          Decided:  August 2, 2002

─────────────

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Bernard James Jones, Appellant Pro Se.   William Earl Day, II,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bernard James Jones seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2002). We dismiss the appeal for lack of jurisdiction because Jones's notice of appeal was not timely filed.

Parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on September 2, 2001. Jones's notice of appeal was filed on May 28, 2002.* Because Jones failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

_____

* For the purpose of this appeal, we assume the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED